MANN, Chief Judge
(concurring specially) .
This case has been very desultorily pleaded, and we must admit that it has been difficult to ferret out the true ground of the plaintiff’s claim. It is nevertheless apparent to me that it is not in fact founded upon a written contract, although there is some implication of that possibility in Count 6. That implication, however, is refuted by Paragraph 27 which states:
“That during the year of 1967, the Defendant serviced said piano on January 19, April 25, July 26, and November 6; and during 1968, the Defendant serviced said piano on January 25, 1968, as per the above alleged service contract and thereby had a duty to the Plaintiff to reasonably inspect and test said piano. That the defect above-mentioned existed on the date of service and had the Defendant properly inspected and tested said piano, the defect would have been discovered; that the Defendant had a duty to warn the minor Plaintiff and other potential users of the said electric piano that a defective condition existed.”
In addition, an affidavit filed by the plaintiff, Paragraph 4, states:
“That I was advised by the University of South Florida that pursuant to an agreement or understanding, TAMPA MUSIC COMPANY was responsible for repairing and servicing the Wurlitzer Electric Pianos at the University of South Florida; and, in particular, made repairs and service on January 19, April 25, July 26, and November 6, 1967, and on January 25, and October 2, 1968.”
Thus it is obvious to me that the affidavit filed by the defendant does not do anything more than deny the existence of a *787 written contract. If the defendant intended to deny any contractual obligation whatsoever it is a simple matter to prepare an affidavit which would do so. The finding that a written agreement did not exist simply does not refute the plaintiff’s claim.
SCHWARTZ, ALAN R., Associate Judge, concurs.